IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS M. JOHN-CHARLES,

    Plaintiff,                    No. CIV S-11-0568 KJM GGH P

    vs.

GARY SWARTHOUT, et. al.,

    Defendants.                ORDER

          Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint was dismissed and plaintiff has filed a first amended complaint.

          As noted before, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

          A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6        A complaint must contain more than a "formulaic recitation of the elements of a
7  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
8  speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
9  "The pleading must contain something more...than...a statement of facts that merely creates a
10 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
11 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient
12 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
13 v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A
14 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15 the reasonable inference that the defendant is liable for the misconduct alleged." Id.

16       In reviewing a complaint under this standard, the court must accept as true the
17 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
19 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
20 1843 (1969).

21       Plaintiff's original complaint was dismissed with leave to amend as it named
22 approximately eighteen defendants but the complaint was vague and lacked a coherent statement
23 of facts or even claims. Plaintiff was told to provide a short statement of facts describing his
24 claims, rather than simply listing many defendants and stating they violated his rights.

25       Plaintiff's first amended complaint has failed to cure the deficiencies of the
26 original complaint. Plaintiff again names approximately 18 defendants, but it is not clear what

are the underlying claims.  Again plaintiff states property was taken, but fails to identify the property and there appears to be allegations of violations of due process in a disciplinary hearing, but it is not clear what occurred at the disciplinary hearing or even the substance of the underlying disciplinary allegations.[1]  Plaintiff's first amended complaint will be dismissed with leave to amend.

        Plaintiff's filing violates Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts.  Plaintiff's failure to specifically set forth the factual predicate of his claims and to link any alleged deprivation of his constitutional rights to the conduct of any individual defendant does not provide sufficient allegations to put any defendant fairly on notice.  See Conley; Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir.1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed.1990).  Moreover, conclusion masquerading as "facts" are insufficient.  Thus, a claim that defendant X retaliated against plaintiff, or held a hearing that lacked due process, are simply insufficient conclusions.  Nor does plaintiff provide substance to his claims by simply attaching a plethora of exhibits; plaintiff must set forth his allegations within the body of the complaint and not expect the court to ferret through more than eighty pages of a vague complaint and exhibits to frame his claims for him.  Plaintiff will be given leave to amend but in doing so, plaintiff is cautioned to clearly identify individual defendants linking each to a constitutional deprivation suffered by plaintiff, but not to assert multiple unrelated claims against different defendants in a "mishmash of a complaint."  George v. Smith, 507 F.3d 605, 607 (7th Cir.2007) ("[u]nrelated claims against different defendants belong in different suits").

        To the extent that plaintiff may be seeking to proceed on a claim of having been

---

[1] It also appears that plaintiff may have lost good time credits as a result of the disciplinary hearing, therefore plaintiff must present evidence that the finding has been expunged, invalidated or reversed.  Heck v. Humphrey, 512 U.S. 477 (1994)

deprived of certain items of personal property, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194 (1984); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989) ("[i]n Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981),[2] the Court held that where a deprivation of property resulted from the unpredictable negligent acts of state agents, the availability of an adequate state postdeprivation remedy satisfied the requirement of due process.")  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

        In Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

---

[2] Overruled on another ground by Daniels v. Williams, 474 U.S. 327, 330-331, 106 S. Ct. 662, 664 (1986).

>declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

The Supreme Court has extended the Heck bar to § 1983 suits that would negate prison disciplinary proceedings that affect good-time credits. Edwards v. Balisok, 520 U.S. 641, 648 (1997). A prisoner's challenge to a disciplinary hearing procedure is barred if judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Id. at 646. So, a "prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings ) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

The Civil Rights Act under which this action was filed provides as follows:

>Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1    Moreover, supervisory personnel are generally not liable under § 1983 for the
2 actions of their employees under a theory of respondeat superior and, therefore, when a named
3 defendant holds a supervisorial position, the causal link between him and the claimed
4 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
5 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
6 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
7 in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
8 Cir. 1982).

9    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
10 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
11 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
12 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
13 there is some affirmative link or connection between a defendant's actions and the claimed
14 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d
15 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,
16 vague and conclusory allegations of official participation in civil rights violations are not
17 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18    In addition, plaintiff is informed that the court cannot refer to a prior pleading in
19 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
20 amended complaint be complete in itself without reference to any prior pleading.  This is
21 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
22 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
23 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
24 original complaint, each claim and the involvement of each defendant must be sufficiently
25 alleged.

26    In accordance with the above, IT IS HEREBY ORDERED that plaintiff's first

1 amended complaint is dismissed for the reasons discussed above, with leave to file a second
2 amended complaint within twenty-eight days from the date of service of this Order.  Failure to
3 file an amended complaint will result in a recommendation that this action be dismissed.
4 DATED: June 16, 2011

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:AB
char0568.b2